PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| **United States District Court** | District Southern District of Ohio, Eastern Division |
|---|---|

| Name  Kevin A. Tolliver | Prisoner No.  428-576 | Case No. **C2 05 1161** |
|---|---|---|

Place of Confinement
Ross Correctional Institution, 16149 State Rt. 104
Chillicothe, Ohio 45601

**JUDGE SMITH**

**MAGISTRATE JUDGE KING**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Kevin A. Tolliver | V.    Michael Sheets, Warden |

The Attorney General of the State of: Ohio, Jim Petro.

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack  Franklin County Court of Common Pleas, 369 S. High St., Columbus, Ohio 43215.

2.  Date of judgment of conviction  July 5, 2002, Case No. 02 CR 121.

3.  Length of sentence  18 years to life.

4.  Nature of offense involved (all counts)  One count of murder with a firearm specification (Ohio R.C. Sec. 2903.02).

5.  What was your plea? (Check one)
    (a) Not guilty         ☒
    (b) Guilty             ☐
    (c) Nolo contendere    ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury        ☒
    (b) Judge only  ☐

7.  Did you testify at the trial?
    Yes ☐   No ☒

8.  Did you appeal from the judgment of conviction?
    Yes ☒   No ☐

(1)

AO 241 (Rev. 5/85)

9.    If you did appeal, answer the following:

    (a)    Name of court   Court of Appeals of Ohio, Tenth District, Franklin County.

    (b)    Result   Judgment affirmed.

    (c)    Date of result and citation, if known   State v. Kevin A. Tolliver, 2004-Ohio-1603 (Ohio App. 10 Dist. Mar. 30, 2004)

(Franklin App. No. 02AP-811).

    (d)    Grounds raised   See addendum.

    (e)    If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1)    Name of court   Supreme Court of Ohio.

        (2)    Result   Dismissed; no substantial constitutional question.

        (3)    Date of result and citation, if known   State v. Kevin A. Tolliver, 103 Ohio St.3d 1407, 812 N.E.2d 1289, 2004-Ohio-

3980 (Ohio Aug. 4, 2004); reconsideration denied 103 Ohio St.3d 1466, 815 N.E.2d 680, 2004-Ohio-5056 (Ohio Sep. 29, 2004).

        (4)    Grounds raised   See addendum.

    (f)    If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1)    Name of court   N/A

        (2)    Result

        (3)    Date of result and citation, if known

        (4)    Grounds raised

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes  ☒    No  ☐

11.    If your answer to 10 was "yes," give the following information:

    (a)    (1)    Name of court   Franklin County Court of Common Pleas.

        (2)    Nature of proceeding   Petition to Vacate and Set Aside Judgment of Conviction and Sentence.

        (3)    Grounds raised   See addendum.

(2)

FED/12801/10-95

AO 241 (Rev. 5/85)

    (4)   Did you receive an evidentiary hearing on your petition, application or motion?

           Yes ☐   No ☒

    (5)   Result   Petition denied.

    (6)   Date of result   May. 7, 2004.

(b)    As to any second petition, application or motion give the same information:

    (1)   Name of court   Court of Appeals of Ohio, Tenth District, Franklin County

    (2)   Nature of proceeding  Application to Reopen Appeal – [App. R.] 26(B)

          Ineffective Assistance of Appellate Counsel

    (3)   Grounds raised   see addendum

    (4)   Did you receive an evidentiary hearing on your petition, application or motion?

           Yes ☐   No ☒

    (5)   Result   Application for reopening and request for evidentiary hearing denied

    (6)   Date of result   May 5, 2005

(c)    Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

    (1)  First petition, etc.      Yes ☒   No ☐

    (2)  Second petition, etc.   Yes ☒   No ☐

(d)    If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.   State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    CAUTION: In order to proceed in federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

FED/12801/10-95

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by use of coerced confession.

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Conviction obtained by a violation of the protection against double jeopardy.

(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)  Denial of effective assistance of counsel.

(j)  Denial of right of appeal.

A.  Ground one:  See addendum. _____

_____

Supporting FACTS (state *briefly* without citing cases or law)  See addendum. _____

_____

B.  Ground two:  See addendum. _____

_____

Supporting FACTS (state *briefly* without citing cases or law):  See addendum. _____

_____

FED/12801/10-95

AO 241 (Rev. 5/85)

C.    Ground three:  See addendum.

_____

Supporting FACTS (state *briefly* without citing cases or law)  See addendum.

_____

D.    Ground four:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

E.    Ground five:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

F.    Ground six:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

G.    Ground seven:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

H.    Ground eight:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

I.    Ground nine:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

J.    Ground ten:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

K.    Ground eleven:  See addendum.

Supporting FACTS (state *briefly* without citing cases or law):  See addendum.

13.   If any of the grounds listed in 12A,B,C, D, E, F, G, H, I, J, and K were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
      Yes ☐    No ☒

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
      (a)    At preliminary hearing    N/A

_____

      (b)    At arraignment and plea    Harry Reinhart, 400 South Fifth Street, Suite 202, Columbus, Ohio 43215.

(5)

FED/12801/10-95

AO 241 (Rev. 5/85)

    (c)    At trial   Harry Reinhart, as above, and Neal Rosenberg, 400 South Fifth Street, Suite 102, Columbus, Ohio 43215.

    (d)    At sentencing   Reinhart and Rosenberg, as above.

    (e)    On appeal   Carol Wright, 318 Berger Alley, Columbus, Ohio 43026.

    (f)    In any post-conviction proceeding   Pro se.

    (g)    On appeal from any adverse ruling in a post-conviction proceeding   Pro se.

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
    (a)    If so, give name and location of court which imposed sentence to be served in the future: _____

    (b)    Give date and length of the above sentence: _____

    (c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
JAMES R. FOLEY

I declare under penalty of perjury that the foregoing is true and correct. Execute on

_____
(date)

_____
Signature of Petitioner

TOLLIVER HABEAS PETITION
ADDENDUM to page 2

9(d)    GROUNDS RAISED IN THE FRANKLIN COUNTY, OHIO COURT OF APPEALS

Assignment of Error I:
The trial court erred in failing to suppress appellant's statements during his custodial
interrogation where the statements were taken in violation of *Miranda v. Arizona*
(1966), 384 U.S. 436.

Issues Presented for Review and Argument:
Whether, a defendant's statement should be suppressed when it is taken in violation of
*Miranda v. Arizona*?

Whether, when officers ask questions designed to elicit incriminatory responses
without securing a waiver of Miranda rights, the answers to those questions must be
suppressed?

Whether, when a defendant requests to be left alone until he sees an attorney, all
questioning must cease?

Assignment of Error II:
The conviction of the defendant was against the manifest weight of the evidence as
there was insufficient evidence of a purposeful killing.

Issues Presented for Review and Argument:
Whether, when there is insufficient evidence of a purposeful killing this court must
find the conviction against the manifest weight of the evidence?

Whether, when the evidence of purposeful killing rests on unsubstantiated inferences
from a shirt where no chain of custody has been established, the conviction is against
the manifest weight of the evidence?

Assignment of Error III:
Defendant's Fifth Amendment rights were violated when the prosecution argued that
defendant's invocation of his right to silence indicated that he was guilty. This
violated defendant's rights as guaranteed by the Fifth, Sixth, and Fourteenth
Amendments under the U.S. Constitution and Article 2, §2, 10 and 16 of the Ohio
Constitution. *Doyle v. Ohio*, 426 U.S. 610 (1976).

Issue Presented for Review and Argument:
Whether, when the state argues that a defendant's invocation of his right to remain
silent is evidence of guilt the conviction must be reversed?

Assignment of Error IV:
The trial court erred and abused its discretion by allowing admission of the white shirt
when there was an insufficient chain of custody and the shirt was more prejudicial

1

than probative thereby denying defendant his rights to due process, and a fair trial under the state and federal constitutions.

Issue Presented for Review and Argument:
Whether, when there is no established chain of custody on a significant piece of evidence the court denies a defendant his constitutional rights by allowing the admission of such evidence?

Assignment of Error V:
A defendant is denied his rights to a fair trial, due process and a reliable determination of his guilt and sentence as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when the prosecutor repeatedly engages in improper argument and other misconduct.

Issue Presented for Review and Argument:
Whether, when a prosecutor engages in improper argument by arguing facts not in evidence, failing to turn over contrary evidence and denigrating the defense expert a defendant is denied his constitutional rights to a fair trial and due process?

Assignment of Error VI:
The trial court erred and abused its discretion in refusing the defense access to Claire Schneider's diary, Court Exhibit 1, particularly after the prosecutor presented evidence in direct contrast to entries in the diary.

Issue Presented for Review and Argument:
Whether, a conviction must be reversed when the trial court fails to order the state to turn over discoverable evidence specifically requested by defense counsel that is material to the preparation of the defense?

Assignment of Error VII:
The trial court erred and abused its discretion in failing to grant an evidentiary hearing on the motion for new trial.

Issue Presented for Review and Argument:
Whether a trial court abuses its discretion when it fails to grant an evidentiary hearing on a motion for new trial?

Assignment of Error VIII:
A conviction must be reversed when the cumulative effect of errors deprives a defendant of his state and federal constitutional right to a fair trial.

Issue Presented for Review and Argument:
Whether the cumulative effect of the errors outlined above requires reversal?

2

9(e)(4) GROUNDS RAISED IN SUPREME COURT OF OHIO

Proposition of Law No. I:
A defendant's statements in response to express questioning during custodial interrogation must be suppressed when there are no *Miranda* warnings and no voluntary, knowing and intelligent waiver of the right against self-incrimination as they violate the Fifth and Fourteenth Amendments to the United States Constitution.

Proposition of Law No. II:
The use of statements made by a defendant after his request for an attorney violates the Fifth and Fourteenth Amendments to the United States Constitution.

Proposition of Law No. III:
Defendant's Fifth Amendment rights were violated when the prosecution argued that defendant's invocation of his right to silence indicated that he was guilty. This violated defendant's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments under the U.S. Constitution and Article 2, §2, 10 and 16 of the Ohio Constitution. *Doyle v. Ohio* (1976), 426 U.S. 610.

Proposition of Law No. IV:
Counsel's failure to object to the *Doyle v. Ohio* error was ineffective assistance of counsel and violated appellant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Proposition of Law No. V:
Admission of evidence when there is an insufficient chain of custody and the evidence is more prejudicial than probative denies a defendant his rights to due process, and a fair trial under the state and federal constitutions.

Proposition of Law No. VI:
A defendant is denied his rights as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution when the prosecutor repeatedly engages in improper argument and other misconduct.

Proposition of Law No. VII:
A court denies due process, a fair trial and the effective assistance of counsel as guaranteed by the U.S. Constitution when it withholds material information and documents available to the prosecution from the defense.

Proposition of Law No. VIII:
A conviction must be reversed when the cumulative effect of errors deprives a defendant of his state and federal constitutional right to a fair trial.

11(a)(3)    GROUNDS RAISED IN MR. TOLLIVER'S POSTCONVICTION PETITION

Claim One (as in original petition): Petitioner has been denied the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution,

3

and O'Const. Art. I §10. By Counsel's failure to investigate Medical Evidence of information relating to Claire Schneider's abrupt and unsupervised cessation of taking Paxil. Paxil withdrawal syndrome.

Claim Two: (as in original petition): Petitioner is wrongfully imprisoned in violation of [his] guarantees of the Eighth Amendment to the United States Constitution and O'Const. I § 9. Wherein new evidence supports his theory of defense – that his fiance shot and killed herself, adverse to the states convictions against him and Petitioner has maintained innocents.

Additional Claims raised in supplemental filings (as noted in the trial court's denial): Ineffectiveness of trial counsel in failing to have the white shirt tested for gun shot residue; ineffectiveness of trial counsel in failing to have the brown coat tested for gun shot residue; ineffectiveness in failing to elicit evidence from Claire Schneider's family members regarding her emotional state; actual innocence.

## 11(b)(3) GROUNDS RAISED IN MR. TOLLIVER'S APPLICATION TO REOPEN DIRECT APPEAL PURSUANT TO OHIO APP. R. 26(B)

(As in original) The Appellate Counsel for Mr. Tolliver was ineffective for failing to assert the Assignments of Error set out below. Failure to raise any of these issues constitutes deficient performance as set forth in *Strickland v. Washington*, 404 U.S. 668 (1984), sufficient to undermine the confidence in the outcome of the Appeal.

Assignment No. 1 (as in original): Counsel provided constitutionally deficient performance and was ineffective in failing to identify the state's witness Joseph Adams as an agent of the state and attacking his questioning of the defendant as reinterrogation or secret interrogation. A violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as set forth in: *Massiah v. United States*, 84 S.Ct. 1199; and in *United States v. Henry*, 100 S.Ct. 2183; and as used in *Kuhlmann v. Wilson*, 106 S.Ct. 2616.

Assignment No. 2 (as in original): Counsel provided constitutionally deficient performance and was ineffective in failing to recognize the defendant was not present at a critical stage of the trial proceedings. A violation of the Fourteenth Amendment and Ohio Criminal Rule 43.

4

TOLLIVER HABEAS PETITION
ADDENDUM to pages 4 & 5

**12(A)  Ground One**:  Mr. Tolliver's rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the trial court failed to suppress, and the State presented to the jury, Mr. Tolliver's statements made in response to express questioning that occurred during custodial interrogation conducted without the benefit of *Miranda* warnings and in the absence of a voluntary, knowing and intelligent waiver of Mr. Tolliver's right against self-incrimination.

**Supporting Facts**:  Mr. Tolliver was subject to custodial interrogation by law enforcement; most of his responses were admitted following a mainly unsuccessful motion to suppress.  Mr. Tolliver's rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated thereby.

**12(B)  Ground Two**:  Mr. Tolliver's rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when the trial court failed to suppress, and the State presented to the jury, statements Mr. Tolliver made after his request for an attorney.

**Supporting Facts**:  Mr. Tolliver was subject to custodial interrogation by law enforcement.  Despite Mr. Tolliver's invocation of his right to counsel, law enforcement continued to interrogate him.  The fruits of that continued interrogation were presented to the jury following an unsuccessful motion to suppress them.  Mr. Tolliver's rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated thereby.

**12(C)  Ground Three**:  Mr. Tolliver's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when the prosecution argued that Mr. Tolliver's invocation of his right to remain silent indicated that he was guilty.

**Supporting Facts**:  Mr. Tolliver repeatedly informed law enforcement that did not feel he was "of sound mind" to waive any of his rights.  In closing, the prosecutor argued to the jury: "Does a distraught person say 'I'm not psychologically sound of mind'?  That is not possible.  Are those the statements of an innocent man?"  The argument violated Mr. Tolliver's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**12(D)  Ground Four**:  Mr. Tolliver's right to the effective assistance of trial counsel was violated when counsel failed to lodge a contemporaneous objection to the State's use of Mr. Tolliver's invocation of his right to remain silent to infer his guilt.

**Supporting Facts**:  Trial counsel failed to object when the prosecutor argued that Mr. Tolliver's invocation of his right to remain silent provided evidence of his guilt.  The failure violated Mr. Tolliver's right to the effective assistance of counsel.

**12(E)  Ground Five**:  Mr. Tolliver was denied his federal constitutional rights to due process and a fair trial when the trial court allowed the admission of physical evidence that was the product of a highly unreliable chain of custody and unduly prejudicial to Mr. Tolliver.

5

**Supporting Facts**: Long after the crime scene had been released to the victim's family, a white shirt stained with what was never proven to be the victim's blood was "discovered" by the victim's family and turned over to the State. The victim's family claimed that the shirt had been found in a clothes hamper. The State turned the shirt into a focal point of its case, having a police blood-spatter expert provide an opinion from which the State could argue that the shirt was worn by the shooter and speculating to the jury that Mr. Tolliver placed the shirt into the hamper in an effort to hide it. The admission of the shirt and its ultimate use in the State's case violated Mr. Tolliver's rights to due process and a fair trial.

**12(F) Ground Six**: Mr. Tolliver was denied his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution when the prosecutor repeatedly engaged in improper argument and other misconduct.

**Supporting Facts**: The State's theory of motive was that Mr. Tolliver killed Claire Schneider because he was a failure who feared that she was going to terminate their relationship. The prosecutor's argument was belied by the evidence in the case, yet she argued it anyway. The prosecutor argued that there was no evidence that the two were planning to marry, yet the prosecutor refused to turn over to the defense a diary in the victim's own handwriting that contained precisely that evidence (see Seventh Ground for Relief). The prosecutor argued that Mr. Tolliver's invocation of his right to silence constituted evidence of his guilt (see Third Ground for Relief). The prosecutor vouched for her own witnesses (particularly for her blood-spatter expert, Robert Young) and viciously denigrated the defense expert, Stuart James, baldly stating that money was Mr. James' motivation for disagreement with Mr. Young ("his $175 an hour payday would have stopped as soon as he said I agree"). The prosecutor's conduct was pronounced and persistent and it denied Mr. Tolliver's rights under the Fifth, Sixth, and Fourteenth Amendments.

**12(G) Ground Seven**: Mr. Tolliver's rights to due process, a fair trial, and the effective assistance of counsel were denied by the trial court's withholding from the defense material information and documents that were available to the prosecution.

**Supporting Facts**: Claire Schneider's diary was in the possession of the State, which refused to turn it over to the defense despite specific requests for it. The State instead delivered the diary to the trial court, which failed to ever rule on the defense's motion to compel its production. The diary refutes the key points of the State's theory of motive in the case, particularly the idea that there was no evidence that Kevin and Claire were planning to get married. The tone and tenor of the diary also cast a favorable light on the defense argument that Claire's death was the result of a histrionic gesture gone horribly wrong—the diary's author comes across as, by turns, histrionic, melodramatic, and theatrical. In its entirety, the diary would have been enormously helpful to defense preparation. Its constructive suppression by the trial court denied Mr. Tolliver his rights to due process, a fair trial, and the effective assistance of counsel.

**12(H) Ground Eight**: The cumulative effect of trial error violated Mr. Tolliver's rights to due process and a fair trial.

**Supporting Facts**: Even if none of the foregoing errors, standing alone, is sufficient to warrant reversal for a new trial, the accumulation of errors undermined Mr. Tolliver's right to due process and a fair trial, necessitating a retrial   The Sixth Circuit has ruled that such an argument is not cognizable in post-AEDPA habeas cases, but the United States Supreme Court has not yet ruled on the matter, making it a viable and necessary claim for any appropriate case.  The evidence in this case was far from overwhelming; the accumulation of errors denied Mr. Tolliver his rights to due process and a fair trial.

**12(I)   Ground Nine**: Mr. Tolliver's trial counsel were constitutionally ineffective in failing to procure and present additional evidence and argument concerning Paxil, Paxil Withdrawal Syndrome, Claire Schneider's medical and psychological history, and the relationship of these matters to Claire Schneider's death.

**Supporting Facts**: Claire Schneider was taking Paxil in the months prior to her death and abruptly stopped taking it four to five days before she died.  Mr. Tolliver's trial counsel failed to procure additional medical, psychological, and legal evidence to buttress an argument that Paxil and/or Paxil Withdrawal Syndrome played a significant role in Claire's death.  Such an argument would have cast additional doubt on Mr. Tolliver's culpability and would have supported the defense theory of a histrionic accident.

**12(J)   Ground Ten**: Mr. Tolliver's trial counsel were constitutionally ineffective in failing to have the white shirt and the brown coat tested for gunshot residue.

**Supporting Facts**: The white shirt and brown coat were relied upon by the State as physical evidence purportedly in close physical proximity to the victim's shooting.  Gunshot residue tests could have demonstrated that these items were not in the room or, if in the room, not in the proximity alleged by the State.  Mr. Tolliver's trial counsel were ineffective in failing to move for such testing.

**12(K) Ground Eleven**:   Mr. Tolliver's appellate counsel provided constitutionally ineffective assistance in failing to raise two assignments of error:

Assignment No. 1 (as in original): Counsel provided constitutionally deficient performance and was ineffective in failing to identify the state's witness Joseph Adams as an agent of the state and attacking his questioning of the defendant as reinterrogation or secret interrogation.  A violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as set forth in: *Massiah v. United States*, 84 S.Ct. 1199; and in *United States v. Henry*, 100 S.Ct. 2183; and as used in *Kuhlmann v. Wilson*, 106 S.Ct. 2616.

Assignment No. 2 (as in original): Counsel provided constitutionally deficient performance and was ineffective in failing to recognize the defendant was not present at a critical stage of the trial proceedings.  A violation of the Fourteenth Amendment and Ohio Criminal Rule 43.

**Supporting Facts**: Mr. Tolliver's appellate counsel did not raise the foregoing assignments of error.

7