IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN A. TOLLIVER,**

    **Petitioner,**

    **v.**

**MICHAEL SHEETS, Warden,**

    **Respondent.**

**CASE NO. 2:05-cv-1161**
**JUDGE SMITH**
**MAGISTRATE JUDGE KING**

## OPINION AND ORDER

On November 20, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner again raises all of the same arguments that previously were presented. Petitioner objects to the Magistrate Judge's recommendation of dismissal of claims one and two on the merits. He again asserts that the Ohio Court of Appeals unreasonably applied or contravened *Miranda v. Arizona*, 384 U.S. 436 (1966), *Rhode Island v. Innis*, 446 U.S. 291 (1980), and *Edwards v. Arizona*, 451 U.S. 477 (1981), in rejecting his claim that his statements were unconstitutionally obtained by police. Petitioner complains that neither the state court of appeals nor the Magistrate Judge properly scrutinized the facts in considering at what point

interrogation by police commenced. He contends that *Davis v. United States*, 512 U.S. 452, 459 (1994), is inapplicable to this case because he unequivocally invoked his right to counsel. Petitioner also again asserts that the state appellate court improperly conducted a harmless error review. Upon review of the record and for the reasons discussed by the Magistrate Judge and the Ohio Tenth District Court of Appeals, this Court is not persuaded by petitioner's arguments. Further, this Court likewise concludes that any error in admission of petitioner's statement(s) to police was harmless in view of other evidence establishing his guilt.

Petitioner likewise objects to the Magistrate Judge's recommendation of dismissal of claims three and four on the merits. Petitioner again argues that the prosecutor violated *Doyle v. Ohio*, 426 U.S. 610 (1976), in view of *Wainwright v. Greenfield*, 474 U.S. 284, 295 n.13(1983), by stating, "Does a distraught person say, 'I'm not of psychologically sound mind?'" during closing arguments, and that he was denied the effective assistance of counsel because his attorney did not object to this statement. For reasons already addressed in the Magistrate Judge's *Report and Recommendation*, this Court does not agree.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim five on the merits. Petitioner complains that the Ohio Court of Appeals improperly failed to consider the entire record in its dismissal of this claim, and that its decision is objectively unreasonable as well as an unreasonable determination of the facts. *Objections*, at 13. As discussed by the Magistrate Judge, federal habeas corpus review of state evidentiary rulings is extremely limited. *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990); *Cooper v. Sowders*,

837 F.2d 284, 286 (6th Cir. 1988); *Carter v. Jago*, 637 F.2d 449, 457 (6th Cir. 1980).  The record fails to reflect that claim five warrants federal habeas corpus relief.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claims eight and nine on the merits.  He acknowledges that the United States Court of Appeals for the Sixth Circuit has held that a claim of cumulative error will not support habeas corpus relief, *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002)(citation omitted), but contends that the claim is nevertheless viable because the United States Supreme Court has yet to rule on the issue.  *Objections,* at 19.  Petitioner also contends that the Magistrate Judge accorded the state appellate court's decision undue deference in consideration of claim nine.  Neither of the  foregoing arguments is persuasive.  The Magistrate Judge properly referred to and applied the AEDPA in concluding that none of petitioner's claims warranted relief  in these habeas corpus proceedings.  *See* 28 U.S.C. §2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000).

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim seven based upon his failure to fairly present the claim to the state courts as a federal constitutional issue. He contends that the Magistrate Judge improperly *sua sponte* raised the issue of his waiver of this claim without providing him notice or an opportunity to respond. Further, petitioner asserts that he did fairly present to the state courts federal constitutional issues of denial of due process, a fair trial, and the effective assistance of counsel due to the trial court's failure to make a timely ruling on his motion to compel disclosure of Claire Schneider's diary.  According to petitioner, fair presentment of the foregoing claims is

established by the State's reference to federal cases in response to petitioner's appellate brief, and by the Court of Appeals' decision reviewing the claim for harmless error. Petitioner's arguments are not well taken.

Petitioner's failure to fairly present his federal constitutional claims to the state courts preliminarily involves an issue under the doctrine of exhaustion.

> As a necessary component of the exhaustion of state remedies doctrine, a petitioner's claim must be "fairly presented" to the state courts before seeking relief in the federal courts. *Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

*Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). The exhaustion requirement must be expressly waived by the respondent. 28 U.S.C. §2254(b)(3). Additionally, exhaustion is properly raised *sua sponte* by the District Court. *See Benoit v. Bock*, 237 F.Supp.2d 804, 807 (E.D. Michigan 2003), citing 28 U.S.C. § 2254(b)(3); *Rockwell v. Yukins,* 217 F.3d 421, 423-24 (6th Cir.2000); *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir.1987). Further, a federal district court may in its discretion also *sua sponte* raise the issue of procedural default "generally after affording the petitioner an opportunity to respond." *Foti v. Bobby*, 2007 WL 1577785 (N.D. Ohio May 31, 2007), citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 20005); *Lorraine v. Coyle,* 291 F.3d 416, 426 (6th Cir. 2002). Here, petitioner has been given the opportunity to respond to the Magistrate Judge's recommendation of dismissal of claim seven in these objections to the *Report and Recommendation*.

Moreover, as discussed by the Magistrate Judge, petitioner did not refer to the

United States Constitution, or a single federal case or state case relying on federal law in making his arguments to the state appellate court. Contrary to his allegation here, the record indicates that the state courts likewise reviewed his claim only for a violation of state law. Petitioner cannot claim that he fairly presented his claim to the state courts by the reference to due process and citations made in the prosecutor's responsive brief.

Finally, petitioner objects to the Magistrate Judge's recommendation of dismissal of claims five, six, ten, and eleven as procedurally defaulted. He again raises all of the same arguments in regard to these procedural defaults that he previously raised. For all the reasons discussed in detail in the Magistrate Judge's *Report and Recommendation*, these objections likewise are not well taken.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. This Court has carefully considered the entire record, all of the cases referred to by petitioner, as well as all of the arguments presented herein. For all the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The record fails to indicate that petitioner is entitled to federal habeas corpus relief. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED** and this action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** in this action.

**IT IS SO ORDERED.**

                                                s/George C. Smith

                                            GEORGE C. SMITH
                                            United States District Judge